# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 618 | **DATE** | 1/7/2005 |
| **CASE TITLE** | LM Insurance Corporation vs. Source One Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff LM Insurance Corporation's Motion for Reconsideration of Order dated August 18, 2004 dismissing the complaint as to Defendant Bonar is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | date docketed | 51 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| MPJ | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | |
|---|---|
| LM INSURANCE CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOURCE ONE GROUP, INC., ) <br> ) <br> Defendant. ) | Case No: 04 C 618 <br><br> Judge Elaine E. Bucklo |

## MEMORANDUM OPINION AND ORDER

Plaintiff LM Insurance Corporation ("LM"), an Iowa corporation having its principal place of business in Massachusetts, moves for reconsideration of my order of August 18, 2004 dismissing Counts VI, VII, and VIII of the complaint against defendant Brian Bonar ("Bonar"), a citizen and resident of California, for lack of personal jurisdiction. LM correctly states that a motion for reconsideration will be entertained ". . . only where the court has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension." *Bank of Waunakee v Rochester Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Where a court determines a motion to dismiss for want of personal jurisdiction without holding an evidentiary hearing, all factual disputes in the pleadings and affidavits must be resolved in favor of the plaintiff. *Purdue Research v. Sanobi Syntholabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The ultimate question here, as I expressly recognized in issuing my August 18, 2004 order, is whether the plaintiff's papers establish a prima facie case for the assertion of personal jurisdiction over Bonar. I adhere to my determination that the plaintiff has failed to meet that test.

51

The case arises out of two contracts of insurance between LM or its parent or affiliate, Liberty Mutual Insurance Company ("Liberty Mutual") and Source One Group, Inc. ("SOG"), a Delaware corporation, and a guaranty allegedly made by Bonar of the payment to Liberty Mutual by SOG of $829,342.50 owing in connection with the contracts.[1] Bonar filed two affidavits in support of his motion to dismiss. LM filed the affidavit of Neil Johnson, an assistant vice president of Liberty, in support of its opposition to the motion.

The Johnson affidavit's principal focus is on the fact that the August 28, 2004 draft letter, signed by Bonar and containing his purported guaranty of SOG's debt to plaintiff, refers to a July 25, 2003 letter setting forth an agreement between SOG and LM. This reference, plaintiff insists, shows that Bonar in effect submitted himself to the jurisdiction of Illinois courts and, by extension, to this district court, because the July letter establishes a number of contacts between SOG and Illinois. The argument is unavailing. As I have already ruled, no matter what SOG did to avail itself of Illinois law, Bonar was an individual acting in a representative capacity and did nothing of the kind.

Plaintiff contends that this case is governed by the holding in *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707 (7th Cir. 2002). There, Coco, a citizen and resident of Italy, approached Hyatt with a possible deal for development of a hotel in Milan. He did so on behalf of English and Italian entities of which he was a director and employee. Coco negotiated directly with Hyatt's Chicago office by mail and electronically and also visited Hyatt's office. In the course of those dealings, Coco allegedly

---

[1] Bonar denies that he *ever* guaranteed SOG's debt because, he says, although he signed a document containing a personal guaranty, the countersigned copy that was returned to him, added additional language that had neither been discussed with nor agreed to by Bonar. Further, Bonar's letter is addressed to Liberty Mutual Insurance, which is either a parent or an affiliate of the plaintiff, and not to LM Insurance Corporation. See Exhibit A to Complaint. I make no findings with respect to these matters since they are both disputed *and* irrelevant to my analysis.

2

disclaimed any interest in a brokerage commission. When the proposed transaction fell apart, Coco, in his individual capacity filed suit against Hyatt in Italy - for a brokerage commission. Hyatt then sued Coco in this court for a declaratory judgment of non-liability. Judge Grady of this court granted Coco's motion to dismiss for want of personal jurisdiction. The court of appeals reversed and remanded the case for further proceedings.

The case at bar is distinguishable. Here, there was a single trip to Illinois by Bonar, and that was for the purpose of negotiating with one of SOG's customers. When he negotiated with the plaintiff on SOG's account, the party with whom he negotiated was in a state other than Illinois and Bonar carried out the negotiations by telephone and by mail from California. There was no "set of dealings" between Bonar and the plaintiff in this State sufficient to establish the Illinois nexus required for the assertion of personal jurisdiction over Bonar. *Compare*, *Hyatt*, supra, 302 F.3d at 717.

Plaintiff argues further that payment on the insurance contracts (and, therefore, on the guaranty) was to be made in Illinois, thus establishing sufficient Illinois contacts so as to warrant assumption of jurisdiction over Bonar. The argument is not well founded in law.

In *Federal Rural Elec. Ins. V. Inland Power & Light*, 18 F.3d 389, 395 (7th Cir. 1994), the court noted that, "... several courts have held that making telephone calls and making payments into the forum state are insufficient bases for jurisdiction." The court went on to find the activities of the defendant in that case "... too attenuated to provide a sufficient connection for personal jurisdiction purposes." Id. For the foregoing reasons and for the reasons stated in my August 18, 2004 opinion, I find all of the matters raised by LM insufficient to meet Federal Due Process requirements for the

3

assertion of personal jurisdiction over Bonar. In view of this holding, I do not address Bonar's alternative request that the complaint be dismissed on grounds of improper venue.

The motion for reconsideration is denied.

Date: 1-7-05

Elaine E. Bucklo
United States District Judge